UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

**Rufus Rivers and Merle Rivers, pro se**

CASE #: 5:25-cv-04202-DCN-MHC

vs.

**James Smith, Jr., Magistrate Stephanie McKune-Grant, Clerk, et al, R. Allen Wilson, S. C. Attorney General**

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S. C. 1983)

**Jmes Smith, Jr.**
66 Thomas Street
Brentwood, NY 11717

**Magistrate Stephanie McKune-Grant, et. al.**
1540 Ellis Ave, Orange burg, S.C. 29116

**Kathleen McDaniel, Esq., Burnette, Shutte McDaniel,**
1 Attorney For Smith
P.O. Box 1929 Columbia, S.C. 29202

**Sylvia Edwards, Clerk**
1540 Ellis Avenue
Orange burg, South Carolina 29116

**Lisa Proveaux, Clerk**
1540 Ellis Avenue
Orange burg, South Carolina 29116

**R. Allen Wilson, Attorney General**
1000 Assembly Street
Columbia, S.C. 29201

U.S. DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. 1983)

I.   JURISDICTION AND VENUE

1. **Jurisdiction:** This court has jurisdiction under 28 U.S.C. 1331(federal question) and **U.S.C. 1983.**

2.   **Venue:** Venue is proper under **28 U.S. 1391(b)** because the events occured in Cordova, South Carolina.

II.  PARTIES

3.   **Plaintiffs:** Rufus nd Merle Rivers, residents at 1429 Legrand Smoak Street , Cordova, SC 29039.

4.   **Defendant** James Smith, Jr: petitioner in the underlying eviction action.

5.   Defendant Stephanie McKune-Grant: Magistrate judge who ordered Plaintiffs to pay appeal bond to opposing counsel.

6.   **Defendant :** Clerk of the magistrate's court who retained the bond post-reversal.

7.   **Defendant: State of South Carolina** responsible for policies enabling due process violations in evictionproceedings

III. FACTUAL ALLEGATIONS

8.   **Defective Eviction Notice:** On (undated), Smith issued a 30-Day eviction notice that failed to specify ownership or include a valid date, violating **S.C. 27-40-420(b) and Geene v. Lindsey,456 U.S. 456 U.S. 444 (1982).**

9.   **Unlawful Eviction Order:** The Magistrate Court ordered ejectment based on an unenforceable oral agreement, ignoring Plaintiffs' 9.5 years possession and property improvements. improvements

10.  **Improper Bond Directive:** The Magistrate ordered Plaintiffs to pay in the amount of $700 per month to Defendant Smith's attorney, Kathleen McDaniel instead of the court clerk, violating **S.C. Code 18-9-150.**

11. **Bond Retention Post-Post Reversal:** After the court of appeals reversed the eviction, the Magistrate's court and Attorney McDaniel retained the bond violating Nelson v. Colorado.

12. **State Supreme Court's Decision:** The Court reinstated the eviction order despite constitutional defects, violating due process.

## IV.  CAUSES OF ACTION

### COUNT 1. DUE PROCESS VIOLATIONS (14TH AMENDMEENT)

13. Defendants deprived Plaintiffs of property without adequate notice (Mallane v. Central Hanover Bank, 339 U.S. 306 (1950).

14. Magistrate's order directing bond payments to opposing counsel circumvented judicial safeguards, violating procedural due process.

### COUNT 2. UNLAWFUL TAKING (5TH AMENDMENT)

15. Magistrate's office retention of bond post-reversal constitutes a taking without just compensation

    ( Nelson v. Colorado).

### COUNT 3. CONTRACT CLAUSE VIOLATION (ART. 1, 10)

16. Enforcement of an ambiguous oral agreement impaired Plaintiffs' property rights (Hoffman v, v. Red Owl Stores, Inc., Inc., 26 Wis.2d 683 (1965).

### COUNT 4.

17. The state maintained unconstitutional policies (e.g. permitting defective notices and bond misdirection) that caused Plaintiffs' harm (Monell v. Dept. of Soc. Servs., 436 U.S. 658(1978).

## ADDITIONAL FACTS

In relation to the redirecting of the bond payments to defendant, Plaintiffs argue that the decision was coerced. Plaintiffs believe that there was a concerted effort to deprive them of the property that was gratutiously granted them. When Plaintiffs began to question why the magistrate's court why it decided to refuse payments and never received a reasonable response, Plaintiffs contacted Mr. Leverette at the disciplinary council. After he spoke with the magistrate, he stated "the magistrate said that she was not in the collection business". The case originated in the Magistrate's court with the magistrate ordering the payments be paid directly to the magistrate until the Court of Appeals made their decision.

It was not until the Plaintiffs, requested a couple of days extensions during the Covid situation that they were late with any payments. See attached document.(affidavit). The Plaintiffs never agreed to pay directly to defendant Smith. There was a hearing called in October, 2021, where a discussion was held to discuss the payments that were delinquent. The idea was suggested that Plaintiffs apply for assistance through the CDC Eviction Declaration Halt Declaration. Plaintiffs completed their portion of the form and submitted the form to defendant's counsel for completion. The Defendant did not complete his portion or submitted the form. Plaintiffs eventually agreed to continue paying the payments directly to the Plaintiff's attorney, not without reluctance, until the Court of Appeal's

decision

was issued favoring Plaintiffs. Defendants never returned the funds after numerous request to the Magistrate, Court of Appeals and a Petition for Writ of Mandamus to the Supreme Court whom chose not to entertain the petition. (See attached Order).

Smith through his counsel proceeded to file a Writ of Certiorari to the Supreme Court eithout requesting a stay. The U.S. Supreme has ruled that "a court's decision absent a stay by the Respondent constitutes procedural inequity.

The Younger abstention should not apply in this case because defendants initiated a new case

involving the same issues while writ of certiorari was pending that can be construed as initiated in **bad faith and harassment, patently unconstitutional law,** the state's court's actions will cause **irreparable harm** beyond typical litigation burdens and the state court is unable or unwilling to provide an adequate forum for addressing the constitutional claims, therefore federal courts may hear the case..

## PRAYER FOR RELIEF

Plaintiffs Request:

**INJUNCTION:** Barring enforcement of the eviction order.

**RETURN OF THE APPEAL BOND** IN ACCESS OF $27000.00 + interest

**Declaratory Judgment** that South Carolina Code 27-40-420(b) and 18-9-150 were violated

**Compensatory Damages** for emotional distress and financial harm

**Cessation of Eviction proceedings.**


Respectfully submitted,

_____
Rufus Rivers, pro se

_____
Merle Rivers, pro se


803-937-1860
rrivers788@gmail.com

1429 Legrand Smoak Street
Cordova, South Carolina 29039

Attachments:

Email communications and affidavit

Additional Facts